EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., 7th Floor
Washington, D.C. 20037
Attorneys for Plaintiff                                    **Document Electronically Filed**
Epstein Becker & Green, P.C.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

| | |
|---|---|
| EPSTEIN BECKER & GREEN, P.C., 1227 25th Street, N.W. 7th Floor Washington, D.C. 20037    Plaintiff, <br><br> *vs.* <br><br> PRINCETON HOLDINGS INTERNATIONAL, INC., 3350 Riverwood Parkway Suite 1900 Atlanta, Georgia 30339    Defendant. | CIVIL ACTION NO. <br><br> **COMPLAINT** |

---

Plaintiff, Epstein Becker & Green, P.C. ("EBG"), as for its Complaint against Princeton Holdings International, Inc. ("PHI"), alleges as follows:

## **PRELIMINARY STATEMENT**

1. This is an action for breach of contract, account stated, and other causes of action arising out of PHI's failure to pay for no less than $883,648.81 in legal fees for services provided by EBG for the benefit of PHI.

## **THE PARTIES**

2. EBG is a professional corporation duly organized under the law of the State of New York. EBG is engaged in the practice of law, with its principal place of business at 875 Third Avenue, New York, New York. EBG also maintains an office at 1227 25th Street, NW, Suite 700, Washington, D.C. where the work related to this matter was performed.

3. PHI is a company organized under the law of the State of Georgia, which provides financial advisory and investment banking services, hospital management services, and medical/information technology services. Its principal place of business is located at 3350 Riverwood Parkway, Suite 1900, in Atlanta, Georgia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship between the parties.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2).

## FACTS

6. On March 24, 2020, Don Lloyd Williams, Chief Executive Officer of PHI, executed an engagement letter with EBG, retaining it for various corporate transactional matters.

7. The engagement letter sets forth the details of the assignment and the compensation arrangement.

8. At all relevant times thereafter, EBG provided legal services on various corporate transactional matters to PHI in accordance with the engagement letter.

9. From March 2020 through January 2021, EBG duly provided services and incurred expenses on behalf of PHI in several different corporate matters. EBG rendered to PHI detailed invoices in October 2021 showing work performed, hours expended, hourly rates charged, and disbursements made on behalf of PHI.

10. All work was performed professionally, diligently and to PHI's satisfaction.

11. Notwithstanding that the work was performed to PHI's satisfaction, as of May 2022, nearly two years after the initial retention, and despite repeated requests by EBG, PHI failed to pay $883,648.81 in EBG's bills.

12. Although EBG sent several requests for payment, PHI nevertheless failed to remit payment.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

13. EBG repeats and realleges the facts contained in the previous paragraphs as if fully set forth herein.

14. The engagement letter constitutes an agreement to pay EBG for legal services rendered and costs incurred on behalf of PHI.

15. EBG rendered legal services to PHI and incurred costs on behalf of PHI, as evidenced by, among other things, the invoices submitted to PHI for payment.

16. Despite repeated attempts to obtain payment for the outstanding balance owed to EBG, PHI has failed to pay EBG.

17. EBG has complied in all respects with its obligations under the engagement letter, and under any court rule or professional code.

18. As a result of PHI's breach of its obligation to pay EBG for services provided and expenses incurred on its behalf, EBG has been damaged.

19. EBG has been damaged in the amount of no less than $883,648.81, plus pre-and post-judgment interest.

## SECOND CAUSE OF ACTION

### (Account Stated)

20.     EBG repeats and realleges the facts contained in the preceding paragraphs as if fully set forth herein.

21.     EBG rendered itemized invoices on the following dates to PHI, setting forth a description of the legal services performed by each individual attorney, hours expended by each attorney, and services charged for each attorney's time in the total amount of $883,648.81 as follows:

      a.     $80,580.03     (Invoice 1063361 October 31, 2021)

      b.     $803,068.78    (Invoice 1064226 October 31, 2021)

22.     Each of these invoices was received and retained by PHI without objection.

23.     PHI has failed and refused to pay EBG $883,648.81.

24.     EBG is entitled to payment as stated in its invoices of $883,648.81, plus pre-and post-judgment interest.

## THIRD CAUSE OF ACTION

### (Quantum Meruit)

25.     EBG repeats and realleges the facts contained in the previous paragraphs as if fully set forth herein.

26.     EBG performed valuable legal services and incurred costs on behalf of PHI in good faith and for PHI's benefit.

27.     The reasonable value of EBG's unpaid services and expenses is $883,648.81.

28.     To the extent it is determined that EBG had no contract with PHI, EBG should be compensated for the reasonable value of its services.

FIRM:57027397v1

29. EBG has been damaged by PHI's failure to pay its invoices for legal services and costs incurred on PHI's behalf in the amount of $883,648.81, plus pre-and post-judgment interest.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

30. EBG repeats and realleges the facts contained in the previous paragraphs as if fully set forth herein.

31. By failing and refusing to pay EBG in full for its services and expenses, PHI has unjustly enriched itself in an amount equal to the reasonable value of those services. PHI has obtained a benefit that in equity and good conscience they should not retain because it rightly belongs to EBG.

32. As a result, PHI is liable to EBG for unjust enrichment in an amount not less than $883,648.81, plus pre-and post-judgment interest.

**WHEREFORE,** EBG demands judgment against PHI as follows:

    a. an amount to be determined at trial but not less than $883,648.81, plus pre- and post-judgment interest;

    b. costs and expenses of this action; and

    c. such other and further relief as the court deems just and proper.

                                      EPSTEIN BECKER & GREEN, P.C.

                                      By:   /s/ *George B. Breen*
                                      George B. Breen (DC #428665)
                                      Epstein Becker & Green, P.C.
                                      1227 25th Street, NW, Suite 700
                                      Washington, D.C. 20037
                                      Telephone:  (202) 861-0900

        Fax: (202) 296-2882
        Email:  gbreen@ebglaw.com


        By:    /s/ *Christopher M. Farella*
        Christopher M. Farella
        *(application for admission pro hac vice forthcoming)*
        Epstein Becker & Green, P.C.
        875 Third Avenue
        New York, New York  10022
        Telephone:  (212) 351-4500
        Fax:  (212) 878-8600
        Email:  cfarella@ebglaw.com

DATED:   September 27, 2022

FIRM:57027397v1